Mayor, etc., of Athens *vs.* Camak *et al.*

Injunction, from Clarke. Municipal Corporations. Contracts. Railroads. Injunction. Constitutional Law. (Before Judge Estes.)

[Jackson, C. J., did not preside in this case on account of Providential cause.]

Hall, J.—1. Under an act of the Legislature, and a vote of the citizens in accordance therewith, the city of Athens, in 1873, subscribed for one thousand shares in the Northeastern Railroad Co. issued and negotiated bonds to pay this subscription, and for their redemption levied an annual tax upon the property within the city limits. The road was completed for about forty miles, which exhausted its funds, and it was unable to extend its construction further. Its stock fell from par to 7½ per cent., and unless it could be extended so as to connect with other progressing or contemplated improvements beyond the State, the stock taken by the city was likely to become worthless. To save this loss, the mayor and council entered into a contract with the " Terminal Company of Virginia" to extend the Northeastern Railroad to a point named within a specified time; and in consideration of this and certain advantages as to freight over the Richmond & Danville Railroad, the mayor and council transferred to the Terminal Company the thousand shares of stock belonging to the city. The road was completed for a portion of the agreed distance within the specified time, when the

mayor and council, believing that they had already secured such exten-
sion as would be most conducive to the interests of the city, made an-
other contract with the Terminal Company whereby they released the
latter from its obligation to extend the road further, and in considera-
tion of this release the company agreed, within two years, to build and
equip, or cause to be built and equipped, a railroad from the city of
Athens to a point on the Georgia railroad. Certain citizens and prop
erty owners sought to enjoin the performance of this contract, as being
*ultra vires* and detrimental to the interests of the city and the rights of
the complainants:

Held, that an injunction should have been denied. The governing
body of the city has a discretion in the management and disposition of
its property, and when they exercise this discretionary power *bona fide,*
a court of equity will not interfere; nor is such a body answerable for
an erroneous exercise of its discretion, although injurious consequences
may result therefrom. 19 Ga., 471.

(a.) The fact that a vote of the qualified voters of the city was ne-
cessary to the original subscription to the stock did not make it neces-
sary that another vote should be held as to the disposition made of it.
59 Ga., 771.

2. The second contract in this case was not a subscription to the
stock of a railroad company on the part of the city, nor the assumption
of any burden or liability by it, but was the substitution of one con-
sideration for another which was deemed more advantageous. Code,
§5187.

Judgment reversed.

T. W. Rucker; Pope Barrow, for plaintiff in error.

S. P. Thurmond; Alex. S. Erwin, for defendants.